UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIGI NICHOLAS MANGIONE,<br><br>Defendant. | 25 Cr. 176 (MMG) |

**NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

The United States of America, by and through its undersigned counsel and pursuant to Title 18, United States Code, Section 3593(a), notifies the Court and LUIGI NICHOLAS MANGIONE, the defendant, that the United States believes the circumstances of the offense charged in Count Three are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the United States will seek the sentence of death for this offense: Murder through Use of a Firearm, in violation of Title 18, United States Code, Section 924(j), which carries a possible sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death with regard to Count Three, as specified below:

A.  LUIGI NICHOLAS MANGIONE was 18 years of age or older at the time of the offense.  18 U.S.C. § 3591(a).

B.  <u>Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D)</u>:

    **1.**     **Intentional Killing.**  LUIGI NICHOLAS MANGIONE intentionally killed Brian Thompson. 18 U.S.C. § 3591(a)(2)(A).

2. **Intentional Infliction of Serious Bodily Injury.** LUIGI NICHOLAS MANGIONE intentionally inflicted serious bodily injury that resulted in the death of Brian Thompson. 18 U.S.C. § 3591(a)(2)(B).

3. **Intentional Participation in an Act Resulting in Death.** LUIGI NICHOLAS MANGIONE intentionally participated in an act, contemplating that the life of a person or persons would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Brian Thompson, died as a direct result of the act. 18 U.S.C § 3591(a)(2)(C).

4. **Intentional Engagement in an Act of Violence, Knowing that the Act Created a Grave Risk of Death to a Person.** LUIGI NICHOLAS MANGIONE intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Brian Thompson, died as a direct result of the act. 18 U.S.C § 3591(a)(2)(D).

C. <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.

1. **Grave Risk of Death to Additional Persons.** LUIGI NICHOLAS MANGIONE, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. 18 U.S.C. § 3592(c)(5).

2. **Substantial Planning and Premeditation**. LUIGI NICHOLAS MANGIONE committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

C.     Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

1.     **Victim Impact.**  LUIGI NICHOLAS MANGIONE caused injury, harm, and loss to the family, friends, and co-workers of Brian Thompson.  The injury, harm, and loss caused by MANGIONE with respect to the victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his family, friends, and co-workers.

2.     **Selection of Site and Victim for an Act of Violence.**  LUIGI NICHOLAS MANGIONE intentionally killed Brian Thompson, the chief executive officer of a health insurance company, as the victim walked to an investor conference in Midtown Manhattan.  MANGIONE elected to murder Thompson under these circumstances to amplify an ideological message, maximize the visibility and impact of the victim's murder, and to provoke broad-based resistance to the victim's industry.

3.     **Future Dangerousness.**  LUIGI NICHOLAS MANGIONE presents a future danger because he expressed intent to target an entire industry, and rally political and social opposition to that industry, by engaging in an act of lethal violence; and he took steps to evade law enforcement, flee New York City immediately after the murder, and cross state lines while armed with a privately manufactured firearm and silencer.

    Respectfully Submitted,

    PERRY CARBONE
    Attorney for the United States
    Acting Under Authority Conferred by
    28 U.S.C. § 515

By: _____/s/_____
    Dominic A. Gentile
    Jun Xiang
    Alexandra Messiter
    Thomas John Wright
    Assistant United States Attorneys
    Tel.: (212) 637-2200

cc:     Counsel of Record (via ECF)