


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 29, 2025

**By ECF**

The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *United States v. Luigi Nicholas Mangione*, 25 CR 176 (MMG)

Dear Judge Garnett:

The Government respectfully submits this letter, as directed by the Court, in response to the defense's assertion at arraignment that the Government provided recordings of calls between the defendant and his counsel to the New York County District Attorney's Office ("DANY") and that DANY prosecutors were "eavesdropping" on these attorney calls.[1]  To be sure, no one at DANY or the Government "eavesdropped" on the defendant on a live basis.  Rather, consistent with well-known practice in federal and state jails, many of the defendant's calls are recorded, with notice of the recording provided to him and the person on the other side of any calls.  As discussed below, a number of recordings of calls between the defendant and his counsel were provided by the Metropolitan Detention Center ("MDC") to the Government—and by the Government to DANY—because the defendant spoke to his counsel on a recorded and monitored jail line (not a line specially designated for attorney calls) and with counsel using a telephone number that was not identified as belonging to counsel (thus evading MDC's process for filtering attorney calls before providing them to the Government).  In any event, no member of the federal prosecution team has listened to any recording of any attorney call, and the Government has segregated all recordings of these attorney calls so that they cannot be accessed further.

The Government has also taken steps to ensure that the MDC does not inadvertently provide recordings of the defendant's attorney calls in the future, to include reminding defense counsel of how they and the defendant can set up unrecorded calls.  Because the MDC already provides multiple options for the defendant to speak with his attorneys by telephone without being recorded or monitored, and because the recordings that were inadvertently obtained (and provided

---

[1] At arraignment, the Government erroneously stated that it was unaware of this issue prior to defense counsel raising it in court.  In fact, on April 22, 2025, DANY notified one member of the prosecution team at the Government about the issue, but the information was not communicated to the rest of the prosecution team, including the speaker on the record, prior to arraignment.  The Government apologizes for this error.

to DANY) were not reviewed by the Government (or, as DANY informed the Government, by any prosecutors at DANY), the Government respectfully submits that no further action is necessary.

## BACKGROUND ON ATTORNEY CALLS AT MDC

At the MDC, as at most pretrial facilities, it is standard practice for inmate telephone calls to be recorded, and each call begins with a clear oral notice that the call is being recorded and is subject to monitoring. During the pendency of this case, the Government has requested and received the defendant's calls at the MDC—specifically, calls that the defendant placed using the Trufone network, which all inmates have access to as part of the Inmate Telephone System ("ITS"). At DANY's request, the Government also provided these recordings to DANY.

Whenever a call is placed through Trufone, both the inmate as well as the person who receives the call hear a recorded warning that the call is being recorded and is subject to monitoring. After receiving this warning, the person who receives the call must press a button to accept the call. To use Trufone, an inmate at the MDC is directed to submit a list of contacts containing the numbers the inmate wishes to call. The inmate must identify the relationship between the inmate and the person whose number is listed, whether that person is a family member, a friend, or an attorney. As the Attorney Guide to the MDC emphasizes, "Inmates may place attorneys on their approved telephone list. However, all calls made on the ITS phone [(*i.e.*, Trufone)], including calls placed to an attorney, are recorded and subject to monitoring. Therefore, inmates seeking attorney-client privileged calls must request an unmonitored telephone call" by following steps set forth in the Attorney Guide and summarized below. (Fed. Bureau of Prisons, *Attorney Guide to the Metropolitan Detention Center* 19-20 (2024)).[2]

The MDC provides three options for inmates to make unrecorded and unmonitored calls with attorneys. First, an inmate can fill out an "Inmate Phone Call Request Form," which permits the inmate to make an attorney call of up to fifteen minutes. These attorney calls are conducted using unrecorded and unmonitored lines. Second, each unit at the MDC has two telephones that dial directly to the offices of the Federal Defenders of New York in the Southern and Eastern Districts of New York (which can then be routed to an inmate's attorneys). These attorney calls are likewise conducted using unrecorded and unmonitored lines. Third, inmates can also use Skedda, a system on which attorneys can pre-schedule attorney calls as well as video telephone conferences on unrecorded and unmonitored lines that inmates use from private rooms on each floor of the MDC. According to officials at the MDC, the defendant has used Skedda on a regular basis to communicate with defense counsel, confirming that he is aware—and avails himself—of this process.

The MDC does not forbid inmates from using the monitored Trufone system for attorney calls, and the Government understands that many inmates choose to use Trufone for such calls. To avoid encountering attorney calls recorded on Trufone, the Government may request the production of only non-attorney calls. As part of this screening process, the MDC relies on (and provides to the Government) the inmate's list of contacts on Trufone. Any number that an inmate

---

[2] *See* https://www2.fed.bop.gov/locations/institutions/bro/bro-attorney-guide.pdf?v=1.0.0.

has identified as an attorney number should then be filtered out of the recordings that the MDC provides to the Government.

## MDC'S INADVERTENT DISCLOSURE OF ATTORNEY CALLS

To date, the Government has requested and received two sets of recordings from the MDC, which the Government provided to DANY. The first set of recordings contained one call between the defendant and his attorney, Karen Friedman Agnifilo. The telephone number for Ms. Agnifilo (the "Agnifilo Number") did not appear on the Trufone contact list that the MDC provided to the Government.[3] The Government understands that on or about April 22, 2025, a paralegal at DANY reviewing these recordings encountered this call between the defendant and Ms. Agnifilo (using the Agnifilo Number) and recognized it as an attorney call. The paralegal immediately stopped listening and reported the issue to the prosecution team at DANY, who promptly notified Ms. Agnifilo and one member of the prosecution team at the Government. No one else from DANY and no one at all from the Government ever reviewed this or any other attorney call. The Government has now segregated this specific audio recording to prevent any further inadvertent access, and it understands DANY has done the same.

In light of this issue, the Government checked the Agnifilo Number against the second set of recordings it obtained from the MDC, none of which had yet been reviewed by the Government or DANY. The second set of recordings also includes calls between the defendant and the Agnifilo Number. In an abundance of caution, the Government segregated the entire second set of audio recordings to ensure that they are never accessed by any member of the prosecution team at the Government and has requested DANY to do the same. The Government will re-request this second set of recordings—filtering all attorney calls, including with the Agnifilo Number—once the Government has confirmed with defense counsel and the MDC that all of defense counsel's telephone numbers are identified as such in the Trufone network.

To ensure that this issue does not arise again, the Government has reminded defense counsel that the defendant and counsel can choose not to use Trufone's recorded and monitored lines. Instead, the defendant and defense counsel can use the options described above to have completely unrecorded and unmonitored communications with each other. In addition, to the extent that the defendant and counsel wish to continue using Trufone, they can confirm with the

---

[3]    The Agnifilo Number did appear on a separate contact list maintained by the MDC, which is not part of the Trufone screening process and was not previously provided to the Government.

MDC that any numbers used by defense counsel are identified to the MDC as attorney telephone numbers on the defendant's contact list of approved numbers for Trufone.

Respectfully submitted,

PERRY CARBONE
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By:    /s/
_____
Dominic A. Gentile
Jun Xiang
Alexandra Messiter
Thomas John Wright
Assistant United States Attorneys
Tel.: (212) 637-2200

cc: All Counsel of Record (by ECF)