```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

LUIGI NICHOLAS MANGIONE,
                     Defendant(s).

25-CR-00176 (MMG)

ORDER

MARGARET M. GARNETT, United States District Judge:

      On September 23, 2025, the Defendant filed a letter advising the Court of various public statements made about this case by various members of the government. Dkt. No. 52. It appears from this letter that multiple employees at the Department of Justice may have violated Local Criminal Rule 23.1, and this Court's order of April 25, 2025 specifically identifying the strictures of this rule for counsel and directing the prosecution team to ensure that the highest levels of the Department of Justice, up to and including Attorney General Bondi, were aware of and understood they were bound by this Rule.

      For the avoidance of doubt or confusion, the Rule provides that, in a criminal case, "It is the duty of the lawyer or law firm, *and of non-lawyer personnel employed by a lawyer's office or subject to a lawyer's supervision*, . . . not to release or authorize the release of . . . opinion that a reasonable person would expect to be disseminated by means of public communication, in connection with pending . . . criminal litigation with which they are associated, if there is a substantial likelihood that the dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." Local Criminal Rule 23.1(a) (emphasis added). The Rule goes on to state that "[a]ny opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case" is a matter that "presumptively involve[s]" such a substantial likelihood. *Id.*

at (d)(7). The statements referenced in the September 23 Letter by two high-ranking staff members of the Department of Justice, including within the Office of Attorney General, appear to be in direct violation of this Rule and the Court's April 25 Order.

Accordingly, the Government is directed to respond to those portions of the September 23 Letter by **October 3, 2025**, and to include with their response a sworn declaration from a person of suitable authority (*i.e.* at least Ms. Houle or Mr. Buckley, in his capacity as Acting U.S. Attorney for this matter, if not an official at Main Justice) that explains to the Court how these violations occurred, despite the Court's April 25 Order, and what steps are being taken to ensure that no future violations occur. The Government is also directed to advise the Deputy Attorney General, for dissemination within the Department as appropriate, that future violations may result in sanctions, which could include personal financial penalties, contempt of court findings, or relief specific to the prosecution of this matter. The Government's declaration shall also include confirmation that this message has been conveyed to the Deputy Attorney General.

The Court will consider the other statements referenced in the September 23 Letter in connection with the Defendant's death penalty motion filed on September 19, 2025, and the Government may include any response to those statements in its opposition to the death penalty motion on the schedule previously set by the Court.

SO ORDERED.

Dated: September 24, 2025
      New York, New York

_____
MARGARET M. GARNETT
United States District Judge