

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th floor*
*New York, New York 10278*

October 8, 2025

**VIA ECF**

Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Luigi Nicholas Mangione*, 25 Cr. 176 (MMG)

Dear Judge Garnett:

    The Government writes pursuant to the Court's September 24, 2025 Order (Dkt. No. 53), and in response to the defendant's September 23, 2025 letter (Dkt. No. 52). This submission specifically addresses the defendant's contention that social media reposts attributed to two Department of Justice ("DOJ") personnel violate Local Criminal Rule 23.1. [1] While the Government is cognizant of the Court's concerns flagged in the Court's Order, the Government respectfully submits that the statements identified in the September 23 letter do not violate the rule or the Court's Order because the statements were made by persons not associated with this matter.[2]

    Rule 23.1(a) applies to lawyers and others who are "associated with" a case:

> It is the duty of the lawyer or law firm, and of non-lawyer personnel employed by a lawyer's office or subject to a lawyer's supervision, private investigators acting under the supervision of a criminal defense lawyer, and government agents and police officers not to release or authorize the release of non-public information or opinion that a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation **with which they are associated**, if there is a

---

[1] The Government will address, in the Government's principal opposition due October 31, 2025 the defense's arguments regarding the statements made by White House officials.

[2] As directed by the Court during the April 25, 2025 conference, and confirmed in the Government's letter of April 30, 2025, Dkt. No. 30, the Government previously communicated the Court's admonition regarding Local Rule 23.1 to the appropriate parties. (Tr. at 17:25-18:3.)

> substantial likelihood that the dissemination will interfere with a fair
> trial or otherwise prejudice the due administration of justice.

Local Criminal Rule 23.1(a) (emphasis added). The defendant cites to social media posts made by two individuals employed by the DOJ who do not appear to meet any of these criteria. These individuals are not members of the prosecution team, or trial counsel or staff supervised by the prosecution team, or otherwise employed by the U.S. Attorney's Office for the Southern District of New York. Nor are they law enforcement agents working on this prosecution. They operate entirely outside the scope of the prosecution team, possess no operational role in the investigative or prosecutorial functions of the *Mangione* matter, and are not "associated" with this litigation within the meaning of Rule 23.1. *See, e.g., Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1072–73 (1991) (making the "distinction between participants in the litigation and strangers to it" when examining a Nevada local court rule identical to ABA Model Rule of Professional Conduct 3.6 and substantially similar to Rule 23.1). Thus, the statements reposted by these individuals, who are not part of, and do not report to, the prosecution team, did not (and could not) violate Rule 23.1.[3]

      Nonetheless, as reflected in the enclosed Declaration, upon becoming aware of the reposted statements, the Department promptly directed that the posts be removed. Furthermore, the DOJ personnel who made those posts have been informed of the Court's most recent admonitions regarding public statements by DOJ personnel. (*See* Declaration of Attorney for the United States ¶ 5.). In a similar vein, and as further evidence to the DOJ's intention to control messaging by Department employees, on September 2, 2025 (prior to the instant motion or this Court's most recent Order), the Executive Office for United States Attorneys ("EOUSA") also recently issued new review and approval processes for any public statements by employees of the United States Attorneys' Offices at panels, conferences, and public events. Further, all DOJ employees are subject to governing regulations and policies of the Department. For example, all DOJ employees are subject to 28 C.F.R. § 50.2, an internal Department regulation regarding public statements by Department employees. While these regulations and policies of course do not create rights enforceable by criminal defendants or supply an independent basis for relief in a criminal case, we will continue to confer with personnel throughout the Department of Justice, including at the Office of the Deputy Attorney General and EOUSA, regarding the requirements governing public commentary about criminal cases, and how such communications should be handled based upon the circumstances of this case and the concerns expressed by the Court here.

      In any event, the defense has not identified any presumed or actual prejudice flowing from the social media reposts at issue. The defense offers no evidence that any prospective juror has been exposed to or affected by the reposted content, *see Skilling v. United States*, 561 U.S. 358, 381–99 (2010) (describing with approval the district court's use of voir dire to "prevent [ ] the spread of any prejudicial information to other venire members" from exposure to pretrial publicity), and fails to apply the governing law, which holds that prejudice should be presumed only in truly exceptional cases, *see Turner v. State of Louisiana*, 379 U.S. 466 (1965) (finding

---

[3]   The Government acknowledges that it did not clarify its interpretation of the precise scope of Rule 23.1's application during the April 25, 2025 conference, when the Court first addressed it. (Tr. at 17:18-18:3).

prejudice in use of deputy sheriffs, who were also witnesses in the case, as shepherds for the jury). Nor does the defense show the "substantial likelihood of material prejudice" required to regulate participant speech—a standard that, in any event, applies only to covered speakers, which these officials are not. *Gentile* 501 U.S. at 1072–73 (upholding restrictions on statements by attorneys representing clients in pending cases and making the "distinction between participants in the litigation and strangers to it.").

While Rule 23.1(d)(7) treats opinions on guilt by covered persons as presumptively prejudicial, to establish a violation of the Rule, the defense must establish a concrete nexus between the challenged speech and the fairness of the trial. One relevant factor is the length of time between the challenged statement and the trial, *Skilling*, 561 U.S. at 383 (no presumed prejudice found because "over four years had elapsed between Enron's collapse and Skilling's trial," and the "decibel level of media attention diminished somewhat"), and, here, trial has not even been scheduled. To the extent the Court considers whether "reposting" constitutes the poster's own statement, at least one court in this district has determined that a reposting is "not necessarily an endorsement of the original tweet, much less an endorsement of the unexpressed belief system of the original tweeter," as a matter of law. *Flynn v. Cable News Network, Inc.*, 621 F. Supp. 3d 432, 439 (S.D.N.Y. 2022). Even assuming the reposting (by individuals outside the prosecution team) of social media messages originally posted by individuals outside of the DOJ could fall under Rule 23.1, the Rule outlines measures that can be taken to address any potential prejudice with respect to the actual venire. *See* Rule 23.1(h). Sanctions or other extraordinary relief, particularly at this juncture, are simply not warranted.

SEAN S. BUCKLEY
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By: _____/s/_____
Dominic A. Gentile / Jun Xiang
Alexandra Messiter / Thomas John Wright
Assistant United States Attorneys
(212) 637-2200

Enclosure

cc: Counsel of Record (Via ECF)