

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 8, 2026

**<u>VIA ECF</u>**

Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    ***United States v. Luigi Nicholas Mangione*, 25 Cr. 176 (MMG)**

Dear Judge Garnett:

      The Government writes in response to defendant Luigi Mangione's request for an evidentiary hearing regarding his motion to suppress the contents of his backpack and, in particular, his argument that a hearing is required to address whether "the inventory procedures would have inevitably led to discovery of the contents of Mr. Mangione's journal." (Dkt. 81 at 3). The argument the defendant now makes—that the contents of his notebook should be suppressed because reviewing such materials exceeds the scope of an inventory search—is asserted nowhere in his moving or reply papers and, accordingly, is waived. In any event, the argument is misplaced—and no evidentiary hearing on this issue is warranted—because the Government does not rely on the inventory search or inevitable discovery doctrines with regard to the contents of the defendant's notebook. Rather, the Government searched the contents of the defendant's notebook pursuant to a judicially authorized search warrant that expressly covered, among other things, handwritten materials, including notebook entries, contained within the defendant's backpack.

      To the extent that the defendant now seeks to challenge the validity of the Government's warrant—an argument the defendant similarly did not make in either his moving or reply papers—that argument would also fail on the merits because the warrant, which disclosed the initial search of the defendant's backpack by the Altoona Police Department, was supported by ample probable cause. In particular, the defendant now argues that the warrant lacked probable cause because the application itself relied, in part, on items found in the defendant's backpack. But that argument does not apply to the notebook's contents, which were not relied upon in the warrant application.

Accordingly, for the reasons stated herein and previously set forth by the Government in the parties' joint filing, no evidentiary hearing is required in order to resolve the defendant's motion to suppress.

                Respectfully submitted,

                SEAN S. BUCKLEY
                Attorney for the United States Attorney
                Acting Under Authority Conferred by
                28 U.S.C. § 515

By:          /s/
                Dominic A. Gentile
                Jun Xiang
                Alexandra S. Messiter
                Thomas John Wright
                Assistant United States Attorneys
                (212) 637-2567 / 2295 / 2544 / 2289

cc:  Karen Friedman Agnifilo, Esq. (via email)
     Marc Agnifilo, Esq. (via email)
     Jacob Kaplan, Esq. (via email)
     Avi Moskowitz, Esq. (via email)