# AGNIFILO
# INTRATER

---

January 19, 2026

**VIA ECF**
The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Mangione,* 25 Cr. 176 (MMG)

Dear Judge Garnett:

    We write to provide the Court with further supplemental authority in support of our argument that Subsection A of the stalking and cyberstalking statutes (18 U.S.C. §§ 2261A(1)(A) and 2261A(2)(A)) fails to qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) because it can be committed without a purposeful or knowing threat of physical force.

    Specifically, the defense points the Court's attention to the Ninth Circuit's en banc decision in *United States v. Gomez,* __F.4th__, 2026 WL 90274 (9th Cir. Jan. 13, 2026) (en banc). In *Gomez*, the Ninth Circuit held that a California statute (Cal. Penal Code § 245(a)(1)) which criminalized "assault upon another person with a deadly weapon or instrument" categorically fails to qualify as a "crime of violence" after *Borden v. United States*, 593 U.S. 420 (2021) because it can be committed with the reckless use of force. *Gomez*, 2026 WL 90274 at *6-7. In concluding as such, the en banc court rejected the government's argument that the statute requires the **purposeful** use of force. *Id.* at *6. Likewise, the court rejected the government's argument that the statute requires the **knowing** use of force. *Id.* In so doing, the court explained that under *Borden*'s terms, knowledge is a very demanding standard under which a person must know with "practical certaint[y]" that a result is to follow from his actions. *Id.* at 7 (quoting *Borden*, 593 U.S. at 426) (internal quotation marks omitted). Because the California assault statute "does not require an intent to apply force" or "knowledge [with practical certainty] that an action will cause force to be applied to another," the Ninth Circuit held that the offense categorically fails to qualify as a "crime of violence." *Id.* at *6. In getting there, the court reasoned:

> A person "acts knowingly when 'he is aware that [a] result is practically certain to follow from his conduct,' whatever his affirmative desire." *Borden*, 593 U.S. at 426, 141 S.Ct. 1817 (plurality opinion) (alteration in original) (quoting *Bailey*, 444 U.S. at 404, 100 S.Ct. 624). The government argues that Section 245(a)(1) requires, at the very least, a knowing use of force. But such a reading is incompatible with the California Supreme Court's holding, recited above, that assault "does not require ... a subjective awareness" of the risk of injury the defendant has created. *Williams*, 111 Cal.Rptr.2d 114, 29 P.3d at 204. While it is true that—as the government emphasizes—the California Supreme Court requires

The Honorable Margaret M. Garnett
January 19, 2026
Page 2 of 3

> knowledge of the facts that make the action the type of act likely to result in harm, this does not equate to a subjective awareness that harm "is practically certain" to result. *Borden*, 593 U.S. at 426, 141 S.Ct. 1817 (plurality opinion). Rather, as the California Supreme Court has explained, even "a defendant who honestly believes that his act was not likely to result in a battery is still guilty of assault if a reasonable person, viewing the facts known to [the] defendant, would find that the act would directly, naturally and probably result in a battery." *Williams*, 111 Cal.Rptr.2d 114, 29 P.3d at 203 n.3. This falls far short of *Borden*'s definition of knowledge.[5] Indeed, "knowledge of [the] ... facts sufficient to establish that the act by its nature will probably" result in force, *id.*, 111 Cal.Rptr.2d 114, 29 P.3d at 204, is less culpable even than *Borden*'s definition of recklessness, which requires conscious disregard of a substantial risk, 593 U.S. at 427, 141 S.Ct. 1817 (plurality opinion).

*Id.* at *7.

In other words, the Ninth Circuit clarified that the California assault statute can be violated when there is a divergence in views between the defendant (who honestly believes that his acts are not putting the victim in fear of injury) and the victim (who reasonably fears physical injury from the defendant's actions). Under this divergence, the statute fails to satisfies *Borden*'s purposeful or knowing mens rea requirement. *Id.*

In the same way, there is no purposeful or knowing threat of force required under Subsection A of the stalking and cyberstalking statutes. Rather, for all the reasons discussed in our briefs (ECF No. 59-2 at 29-32 and ECF No. 76 at 32-37), in our letter of supplemental authority (ECF No. 84-1), and in the hearing on January 9, 2025, these statutes are violated when a defendant unknowingly and unintentionally places a victim in reasonable fear of serious bodily injury or death. Subsection A criminalizes the same divergence in views between the defendant and the victim that disqualified the California assault statute as a "crime of violence" in *Gomez*. It necessarily follows that Subsection also fails to qualify as a § 924(c) "crime of violence."

The Honorable Margaret M. Garnett
January 19, 2026
Page 3 of 3

Thank you for your consideration of this letter.

          Respectfully submitted,

Karen Friedman Agnifilo
Marc Agnifilo
Jacob Kaplan
AGNIFILO INTRATER LLP

Avraham C. Moskowitz
Eylan Schulman
Christopher Neff
MOSKOWITZ COLSON
GINSBERG & SCHULMAN

Paresh Patel
Special Counsel

cc:   Gov't Counsel (by ECF)