# AGNIFILO
# INTRATER

March 18, 2026

**VIA ECF**
The Honorable Margaret M. Garnett
U.S. District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Mangione*, 25 Cr. 176 (MMG)

Dear Judge Garnett:

On February 3, 2026, this Court entered an Order setting the schedule for Mr. Mangione's federal case with in-person voir dire starting on September 8, 2026, for an October 13, 2026, trial. As part of this schedule, the jury questionnaire process would start on April 13, 2026, with the parties exchanging proposed questionnaires that would be distributed to potential jurors the week of June 29, 2026.

As this Court is aware, on February 6, 2026, Justice Gregory Carro of the New York Supreme Court set Mr. Mangione's state trial for June 8, 2026. When setting this trial date, Justice Carro noted that, if the federal trial did not take place in Fall 2026, he would move the state trial date to September 8, 2026.

As a result of these competing schedules, Mr. Mangione is now in the position of needing to prepare for two complicated and serious trials at the same time. This scenario violates several of Mr. Mangione's constitutional rights. First, Mr. Mangione has a right to meaningfully participate in all stages of his trial, including the jury selection process. As the Supreme Court has noted, "Jury selection is the primary means by which a court may enforce a defendant's right to be tried by a jury free from ethnic, racial, or political prejudice, or predisposition about the defendant's culpability." *Gomez v. United States*, 490 U.S. 858, 873 (1989) (internal citations omitted)). Accordingly, jury selection is a "critical stage of the criminal proceeding." (*Id.*; *see also id.* ("Even though it is true that a criminal trial does not commence for purposes of the Double Jeopardy Clause until the jury is empaneled and sworn, other constitutional rights attach before that point." (internal citation omitted)).

Because Justice Carro scheduled the state trial for June 8, 2026, Mr. Mangione is now in the impossible position of having to review 800 jury questionnaires during the week of June 29, 2026, while on trial for second-degree murder in state court. As a practical matter, this would not be possible. Every trial day, Mr. Mangione would be taken to court for trial and returned to MDC later that night. By the time Mr. Mangione returned to the MDC, it would be too late for a legal visit for counsel and Mr. Mangione to review the completed juror questionnaires. On non-trial days, counsel and Mr. Mangione would be preparing for trial and would not be able to spend the required hours to review 800 juror questionnaires. Moreover, because each completed

140 BROADWAY, STE 2450 | NEW YORK, NY 10005 | WWW.AGILAWGROUP.COM

The Honorable Margaret Garnett
March 18, 2026
Page 2 of 3

questionnaire would include the potential jurors' identifying information, Mr. Mangione would only be able to review the questionnaire in the presence of counsel and would not be allowed to keep the questionnaires at the MDC. Given all these practical restraints, Mr. Mangione would not be able to meaningfully review the questionnaires and would not be able to assist counsel in determining whether to challenge potential jurors for cause—as he is entitled to.

Second, both the federal and New York State constitutions guarantee a defendant's right to the effective assistance of counsel. Though fierce advocates for their clients, defense counsel cannot be in two places at once. Realistically, defense counsel cannot be defending Mr. Mangione in state court on second-degree murder charges that carry a maximum sentence of twenty-five years to life while, at the same time, also reviewing 800 questionnaires for a federal case that carries a maximum life sentence. Moreover, counsel will not be able to adequately prepare for the federal trial because they will be on trial in state court.

Third, Mr. Mangione is entitled to a trial by a fair and impartial jury. Unfortunately, the media reporting surrounding this case has been unrelenting and unparalleled (even when compared to other high-profile New York City cases). As a result, forcing Mr. Mangione to start the state trial on June 8, 2026—three weeks before potential federal jurors start filling out juror questionnaires a few blocks away in Mr. Mangione's federal case—guarantees that the fairness and impartiality of Mr. Mangione's federal jurors will be negatively impacted by weeks of media reporting. This is particularly true in this case because the evidence in both trials will be nearly identical given that both prosecutions are based on the same exact set of facts and both prosecutions will rely heavily on police work done by the NYPD. As a result, Mr. Mangione's potential federal jurors will be constantly bombarded with news reports and social media posts relating to the allegations and evidence against Mr. Mangione as they fill out juror questionnaires and in the subsequent weeks before they are empaneled in the federal case.

Given these constitutional concerns, counsel is left with no other option than to respectfully request that this Court adjourn in-person voir dire and trial in the federal matter to January 2027 so that Justice Carro can adjourn the state trial to September 8, 2026. Thus, the current federal trial schedule would move back roughly four months.[1] This proposed schedule would allow sufficient time between the state and federal trials to address the constitutional concerns noted above, while also providing counsel additional time to gather all necessary information and adequately prepare for the state trial (that has different elements and different defenses than the federal case).

We further note that this Court made the following statement during the January 30, 2026, appearance relating to the potential conflict of the trial schedules:

> I know I am aware of the letter that Mr. Seidemann filed with Justice Carro. You know, as I said from the outset, unless and until someone wants to make an application to me, my view is that that case is none of my concern. And I certainly can't, you know -- we have to proceed as if this is the only case, unless of course

---

[1] Should the Court grant this request, the parties would propose new dates for the jury questionnaire process that does not interfere with Mr. Mangione's state trial.

The Honorable Margaret Garnett
March 18, 2026
Page 3 of 3

the government or defense or if the Manhattan District Attorney wanted to send me a letter or something, we'll deal with that as it comes.

(1/30/26 Tr. at 7–8; *see also* 4/25/25 Tr. at 12 ("I mean, I think I agree with Mr. Gentile that we will -- barring some request otherwise, my intention is that we will set a schedule for this case as if it's the only case. And should an issue arise involving a conflict between the scheduling that either party wants to bring to my attention, you can certainly do that. But I think in terms of our management of this case, we ought to proceed as if it's the only case until circumstances suggest otherwise.".) Because of the issues raised above, we are now coming to the Court and respectfully requesting an adjournment of the trial schedule.

We have spoken with the government about this request. The government notes that Mr. Mangione's state and federal matters are independent cases and therefore objects to adjourning the federal in-person voir dire and trial dates because of the state matter. The government has indicated that it will respond under separate cover.

Respectfully submitted,

Karen Friedman Agnifilo
Marc Agnifilo
Jacob Kaplan

*Counsel for Luigi Mangione*

cc:     Gov't Counsel (by ECF)

-3-