# AGNIFILO
# INTRATER

May 26, 2026

**VIA ECF**
The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> **Re:** *United States v. Mangione,* **25 Cr. 176 (MMG)**

Dear Judge Garnett:

The Government objects to many of the questions proposed by the defense on the basis that the question is not likely to reveal a bias or that the juror cannot follow the Court's instructions. However, the Government overlooks the fact that defense counsel may want to exercise peremptory challenges for reasons aside from bias and objective lack of qualification alone. For instance, a party may want jurors who have responsibility in their jobs or their living situations. The party may be of the view that people with real-world responsibilities are better jurors for a particular case. The Government objects to many of the questions that would assist defense counsel in exercising peremptory challenges along these lines.

Also, a party may want a mix of jurors who have children and those who do not. The Government would not allow defense counsel to learn this information. In addition, a juror's familiarity with jails, law enforcement and firearms may play a role in how peremptory challenges are utilized.

With these general principles in mind, we address the Government's objections.

- *Question 5:* A juror's living situation, specifically whether they own or rent their home and other relevant details, is an important and basic piece of information that counsel wants to know. In context of other information, it may lead to a conclusion that a certain person is or is not an appropriate juror in this case.

- *Question 6, 7(a), 7(c) and 8:* The same is true of a person's employment status, history and whether the potential juror has experience working toward a goal as part of a group. Again, this is basic, non-intrusive information that is plainly relevant, again in the context of other information, to whether a party may believe a potential juror is right for this case. Every person brings his or her background into the jury room and the person's employment history, including whether they supervise others and work in groups is plainly important.

- *Question 14:* Whether a juror has children and the general background information of their children is central to whether a juror may be right for any case, much less a case where

Hon. Margaret M. Garnett
May 26, 2026
Page 2 of 3

violent crime and stalking is alleged. Again, this may or may not lead to a challenge for cause, but it is certainly something counsel wants to know when exercising peremptory challenges.

- **Question 15**: Does not ask what religion a potential juror aligns with, but rather how religious that person is, if at all. Again, in the context of other information concerning family, background and employment, this is basic and important information.

- **Question 18**: Understanding a potential juror's background in the context of jails, firearms, law enforcement, and other topics that are relevant to the case is basic, non-intrusive information that is important in knowing whether the juror is right for this case. The Government's objection is that this question duplicates other questions. Defense counsel does not see any duplication.

- **Question 22**: Again, the Government objects that this question is duplicative. Counsel respectfully disagrees. This question about what law and order type television shows a juror watches is important in gauging a juror's interest and potential prejudice in connection with a real-life court case.

- **Questions 23, 24 and 25**: These questions are not duplicative, and are important in gauging potential views and biases of jurors.

- **Questions 39 and 40**: These questions together ask jurors if they have particular prejudices based on their own experience with the criminal justice system. A juror who believes that the police mishandled a criminal complaint of the juror herself or a loved one is fundamental information relevant to potential bias. Question 40 merely asks if their experience will bias them in connection with this case.

- **Question 41**: The import of the question is not whether or not they were in fact investigated but whether they believe they were and what feelings they have about their belief. Again, this is basic information relevant to bias.

- **Question 45**: The Government claims this is duplicative. The defense believes it is not duplicative and is an appropriate stand-alone question.

- **Question 46**: A juror who regularly stays at the Hilton Hotel on 6th Avenue and 53rd Street may have feelings about this case that are unique to that person.

- **Question 50**: This is a basic and important question that is relevant to a juror's potential bias either for or against law enforcement.

- **Questions 54-64**: The Government claims these are unnecessary. The defense disagrees. It would be inappropriate for the defense to be prevented from knowing that a potential juror works for the same company as did the victim in this case, especially because of the nature

Hon. Margaret M. Garnett
May 26, 2026
Page 3 of 3

of the allegations. The same is true for a juror holding stock in the same company. There is no doubt that a juror with any connection to, or interest in UHC, may have a bias against the defendant. Indeed, depending on the answers to questions 54-64, the defense may have a cause challenge to such a juror.

- *Question 66 and 67*: A juror's self-report as to whether a juror can and is willing to follow basic principles in a criminal trial is a prudent and necessary question.

- *Questions 73(a)-(c)*: The Government claims these questions are unnecessary and risk confusing the jurors. These questions, however, will help defense counsel determine whether the potential juror has any intrinsic biases against individuals charged with committing a crime, a key consideration in exercising peremptory challenges. Moreover, these questions are straight forward and not confusing.

- *Questions 78, 80, 81, 82 and 83*: The Government seems to have forgotten that the former Attorney General violated this Court's local rule concerning prejudicial pre-trial publicity. Getting to the bottom of the damage she has caused is critical.

Respectfully submitted,

Karen Friedman Agnifilo
Marc Agnifilo
Jacob Kaplan

*Counsel for Luigi Mangione*

cc:    All Counsel of Record (Via ECF)

3